
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANNE MCSHANE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Miscellaneous Action No. 21-150-RGA |
| | : | |
| IRS TAXING BOARD and | : | |
| TED KANAKOS, | : | |
| | : | |
| Respondents. | : | |

Anne McShane, Wilmington, Delaware.   Pro Se Petitioner.

Scott G. Wilcox, Esquire, Giordano, DelCollo, Werb & Gagne, LLC, Wilmington, Delaware.   Counsel for Respondents

**MEMORANDUM OPINION**

July 31, 2023
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Petitioner Anne McShane, proceeding *pro se*, initiated this matter by filing a petition for verification of debt. (D.I. 1). She later filed an amended petition for verification of debt. (D.I. 3). Before the Court is Respondent Ted Kanakos' Rule 12(b)(6) motion to dismiss for failure to state a claim (D.I. 11), Petitioner's motion for leave to amend the petition (D.I. 23), Petitioner's motion requesting the return of certain documents filed with the Court (D.I. 18), Petitioner's petition to seal (D.I. 21), and several other motions filed by Petitioner. (D.I. 9, 17, 22, 24). The motion to dismiss and motion for leave to amend are fully briefed. (D.I. 20, 25).

## I. BACKGROUND

Petitioner challenges the legal authority of the Town of Milton, Delaware, to assess property tax on her property and to bill her for water, sewer, and trash services. She appears to demand proof of Milton's legal authority under federal statutes, 26 U.S.C. §§ 6203 and 6065, and federal regulation, 26 C.F.R. § 301.6203-1. Respondent Ted Kanakos is the Mayor of Milton.

## II. LEGAL STANDARD

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in the pleading as true and take them in the light most favorable to petitioner. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Petitioner proceeds *pro se*, her pleading is liberally construed and her pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-

1

pleaded allegations in the pleading as true and viewing them in the light most favorable to the petitioner, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A pleading may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A petitioner must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id*. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## III. DISCUSSION

Though not raised by either party, before considering Respondent's motion to dismiss, I must determine whether there is federal subject matter jurisdiction over this case. Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of federal subject matter jurisdiction and have an obligation to examine their

own subject matter jurisdiction.  *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003); *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).

Under the Tax Injunction Act, federal courts are prohibited from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  If a suit is barred by the Tax Injunction Act, subject matter jurisdiction is lacking.  *See Gass v. County of Allegheny*, 371 F.3d 134, 141 (3d Cir. 2004).  The bar to suit created by the Tax Injunction Act applies to suits "posing either an equitable or a legal challenge to state or local taxes."  *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998).  The Third Circuit has recognized that Delaware provides "speedy, plain and efficient" remedies to property owners such that the Tax Injunction Act applies.  *See id.* at 103; *see also Shahin v. City of Dover*, 615 F. App'x 739, 740-41 (3d Cir. 2015) (per curiam); *Locklear v. Remington*, 77 F. App'x 594, 595 (3d Cir. 2003) (per curiam).

The challenged property tax is clearly a tax.  Less clear on this record is how to characterize the challenged bills for water, sewer, and trash services, that is, whether they should be considered taxes, as Petitioner describes them, or as fees for services.  *See, e.g.*, *Gibson v. Susquehanna Twp. Auth.*, 2021 WL 5768472 (3d Cir. Dec. 6, 2021) (per curiam) (noting for purposes of the Tax Injunction Act that stormwater charges could possibly be considered taxes or fees for service); *Nigro v. City of Phila.*, 2010 WL 3419672, at *4 (E.D. Pa. Aug. 25, 2010) (noting for purposes of the Tax Injunction Act that "[a] tax is generally a revenue-raising measure, imposed by a legislative body, that allocates revenue to a general fund, and is spent for the benefit of the entire

3

community," that "[a] fee, by contrast, is a payment given in return for a government-provided benefit and is tied in some fashion to the payor's use of the service," and that "[d]istinguishing one from the other requires careful analysis because the line between 'tax' and 'fee' can be unclear.") (citations and quotations omitted).

The claim based on the property tax is barred by the Tax Injunction Act, and subject matter jurisdiction is therefore lacking.   To the extent that the bills for water, sewer, and trash services are truly taxes, as Petitioner describes them, the claims arising from these bills are also barred by the Tax Injunction Act, resulting in an absence of subject matter jurisdiction over the entire case.

To the extent that the bills for water, sewer, and trash services are better characterized as fees for service, Petitioner has failed to state a claim.   Her claims are wholly rooted in purported violations of completely inapplicable federal laws and regulations.   Petitioner's motion for leave to amend will be denied as her proposed amendments would be futile.   *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

The petition to seal the proceedings will be denied.   There is a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public."   *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citation omitted).   Petitioner has not met the "heavy burden" of showing that "disclosure will work a clearly defined and serious injury" to her, *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), or that closure is "essential to preserve higher values and is narrowly tailored to serve that interest," *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982).   Furthermore, the petition to seal the

proceedings was filed over four months after Petitioner filed this case, so it would be akin to closing the barn door long after the horse has left.

Finally, I will grant Petitioner's motion requesting the return of certain documents submitted to the Court.

### IV.  CONCLUSION

For the foregoing reasons, I will *sua sponte* dismiss the claim based on the property tax for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1).  To the extent that Petitioner's claims based on the bills for water, sewer, and trash services are taxes, they will be dismissed on the same grounds.  To the extent that the bills for water, sewer, and trash services are fees for service, Respondent's motion to dismiss will be granted and the claims based upon the bills will be dismissed for failure to state a claim.  Petitioner's motion for leave to amend will be denied as futile.  The petition to seal the proceedings will be denied.  The motion requesting the return of certain documents will be granted.  All other pending motions will be dismissed as moot.

A separate order shall issue.